# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Ana Cordero-Pereyra,<br><br>Petitioner,<br><br>v.<br><br>Luis Rosa, Jr., et al.,<br><br>Respondents. | No. CV-26-01224-PHX-KML (ASB)<br><br>**ORDER** |

Petitioner filed this action challenging her immigration detention. A district court in the Central District of California recently certified a class that includes petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Most recently, on February 18, 2026, the *Bautista* court granted the class members' motion to enforce judgment, and vacated the BIA's ruling in *In Re Hurtado*, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, --- F.Supp.3d ----, 2026 WL 468284, No. 5:25-CV-01873-SSS-

BFM (C.D. Cal. February 18, 2026).[1]

In their response to the OSC, respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 6 at 7.) Pursuant to that judgment, petitioner is entitled to be released from custody or provided a bond redetermination hearing within seven days. But in the alternative, the court's review of the petition confirms she is entitled to relief regardless of *Bautista* and the court grants relief based on its independent view that her detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus (doc. 1) is **granted**.
2. Respondents must provide petitioner a bond redetermination hearing within **seven days** or release her from custody under the same conditions that existed before her detention.
3. Respondents must provide a notice of compliance within **three days** of releasing petitioner or providing her a bond hearing.
4. Any pending motions are denied as moot and the clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 6th day of March, 2026.

_Honorable Krissa M. Lanham_
United States District Judge

---

[1] The court is also aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which adopted the minority position regarding whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under Section 1225. But that decision does not persuade the court that its interpretation is incorrect, nor does it undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.